IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW MICHAEL,

     Plaintiff,

vs.

CELCIUS NIGHTCLUB, LLC, and
LOUIS "KIP" NOTBOHM,
Individually,

     Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MATTHEW MICHAEL ("Plaintiff"), sues Defendants, CELCIUS NIGHTCLUB, LLC, ("CELCIUS"), and LOUIS "KIP" NOTBOHM, Individually ("NOTBOHM") (collectively "Defendants"), and states:

**NATURE OF ACTION**

1.  This is an action for minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA"), and minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110.

2.  Plaintiff alleges that Defendants violated 29 U.S.C. § 206 of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110 by failing to pay any direct wage and by requiring Plaintiff to participate in an unlawful tip pool which directly and indirectly diverted tips to managers or supervisors.

## PARTIES

3. Plaintiff is a resident of Lee County, Florida, in the Middle District of Florida.

4. Defendant CELCIUS is a Florida Limited Liability Company with its principal place of business, according to Sunbiz, located at 2213 Main Street, Fort Myers, FL 33901.

5. Defendant NOTBOHM is an individual who, upon information and belief, resides in Lee County, Florida. Defendant NOTBOHM is the owner and Manager of Defendant CELCIUS.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

7. The Court has supplemental jurisdiction over Plaintiff's FMWA claims under 28 U.S.C. § 1367 because the supplemental claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant's principal place of business is in Fort Myers, Florida, and this is where Defendants employed Plaintiff.

## FLSA COVERAGE

*Enterprise Coverage*

9. At all times material to this action, Defendants were Plaintiff's "employer," and Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10.   At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

11.   At all times material, Defendants had gross sales volume of at least $500,000 annually.

12.   At all times material, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

*Individual Coverage*

13.   At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage under the FLSA.

14.   At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

15.   The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by Defendants to use on the job, moved through interstate commerce.

16.   To further Defendants' business purpose, Plaintiff regularly communicated with out-of-state customers, vendors, and suppliers.

*Individual Liability – Defendant NOTBOHM*

17.   At all times material hereto, Defendant NOTBOHM was the owner of Defendant CELCIUS's club and bar.

18.   At all times material, NOTBOHM regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees,

3

and to control the finances and operations of the restaurant.

19. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations, NOTBOHM is an employer as defined by 29 U.S.C. § 201, *et. Seq.*

## FACTS

20. Defendants operate several nightlife establishments, including CELCIUS a/k/a "Celsius Night Club" located at 2213 Main Street, Fort Myers, FL 33901.

21. CELCIUS is owned and operated by Defendant NOTBOHM. The club also employs a General Manager, and an Assistant General Manager to assist with some management functions.

22. CELCIUS also employs bartenders, barbacks, VIP servers, and security personnel.

23. Defendants hired Plaintiff as a barback in or around June 2024. Plaintiff held this position until his separation from employment in June 2025.

24. During his employment, Plaintiff regularly worked five days and around 35 hours per week.

25. Defendants failed to keep and maintain any records of hours worked or amount of tips paid to Plaintiff and the other employees as required by law.

26. Plaintiff (and the other employees) was not paid **any** direct hourly wage by Defendants. He was solely paid through his share of the nightly bar tip pool.

27. Defendants required Plaintiff and the other bar staff to pool the tips. The tip pool included bartenders, barbacks, and managers.

28. Defendants' tip pool was unlawful because it included "managers and supervisors," including the General Manager and Assistant General Manager, whose duties matched those of an executive employee under 29 CFR § 541.100(a)(2) through (4) or § 541.101, including hiring, firing, scheduling, ordering, and oversight of the restaurant.

29. All conditions precedent to this lawsuit have occurred, been performed, or have been waived.

## STATEMENT OF CLAIMS

### COUNT I: VIOLATION OF 29 U.S.C. § 206
### (UNPAID MINIMUM WAGES)

30. Plaintiff incorporates paragraphs 1-29 as though fully set forth herein.

31. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

32. 29 U.S.C. § 203(m)(2)(A) provides that an employer is required to pay a cash wage to its employees in an amount equal to or greater than the statutory minimum. Put another way, an employer cannot solely rely on tip compensation to satisfy its obligations to compensate its employees under the law.

33. Additionally, only employees who customarily and regularly receive tips may share in a tip pool. Managers and supervisors—who have hiring, firing, scheduling, and other managerial responsibilities—cannot take a share.

34. 29 U.S.C. § 203(m)(2)(B) provides:

> An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

35. The interpretative regulations go on to define which "managers or supervisors" are prohibited from participating in the tip pool:

> For purposes of section 3(m)(2)(B), the term "manager" or "supervisor" shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101.

29 CFR § 531.52(b)(2).

36. The Act provides that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

37. Defendants' failure to pay **any** direct wage to Plaintiff resulted in Plaintiff not receiving the minimum wage for all hours worked.

38. Also, as a result of Defendants' unlawful tip pool, Plaintiff was paid below the applicable minimum wage for work hours and had his tip compensation improperly diverted to management.

39. Defendants' actions in failing to pay any direct wage and establishing and requiring participation in an unlawful tip pool, thus, failing to pay Plaintiff all minimum wages and tips were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiff respectfully requests the following relief:

   a. Judgment in his favor for all unpaid minimum wages and tip compensation due or payable,

   b. Liquidated damages,

   c. Attorney fees and costs pursuant to the FLSA, and

   d. Any other relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF ARTICLE X, §24 FLORIDA CONSTITUTION

40. Plaintiff incorporates paragraphs 1-29 as though fully set forth herein.

41. Under Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

42. As stated above, Defendants did not pay Plaintiff **any** direct wage and required Plaintiff to participate in an unlawful tip pool, resulting in Plaintiff being paid less than the statutory minimum wage for all hours worked.

43. Defendants' actions in failing to pay any direct wage and establishing and requiring participation in an unlawful tip pool and failing to pay Plaintiff all minimum wages and tips were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiff respectfully requests the following relief:

7

a. Judgment in his favor for all unpaid minimum wages and tip compensation due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to Article X, §24 of the Florida Constitution, and

d. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: June 18, 2026

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com
**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017